UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
AQUA PRODUCTS, INC.,

                Plaintiff,

                                                  04 CV 5492 (GBD)
-against-                                  <u>MEMORANDUM OPINION
                                                  AND ORDER</u>
SMARTPOOL, INC., MAYTRONICS, INC.,
RICHARD HOLSTEIN, and
JOSEPH DYBROFSKY

                Defendants.
------------------------------------------------------x
GEORGE B. DANIELS, District Judge;

Plaintiff, Aqua Products Inc., brings suit asserting, *inter alia*, patent and trademark infringement and related state law claims. Defendant Maytronics, Inc. filed counterclaims, seeking declaratory judgment that plaintiff's patents were invalid or not infringed.[1]

Defendants Smartpool, Inc., Richard Holstein, and Joseph Dybrofsky moved to dismiss the complaint for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In the alternative, defendants Smartpool, Inc., and Holstein moved to transfer this action to the District Court of New Jersey under 28 U.S.C. § 1404(a). Defendants' motion to dismiss for lack of personal jurisdiction is granted.

## BACKGROUND

Plaintiff, Aqua Products Inc., is a company organized under the laws of the state of Delaware with its principal place of business in New Jersey. Plaintiff manufactures and sells a variety of robotic pool cleaners. The corporate defendants in this action, Smartpool Inc. and Maytronics Inc., are plaintiff's competitors in the pool-cleaning industry. Defendant Smartpool

---

[1] Defendant Maytronics, Inc. has not moved to dismiss plaintiff's complaint.

Inc. is a Delaware corporation with its principal place of business in New Jersey, while Maytronics Inc. is incorporated in and principally operates from Israel. Defendant Richard Holstein, a citizen of New Jersey, is the president of Smartpool Inc. and defendant Joseph Dybrofsky, a citizen of Toronto, Canada, is the majority shareholder and a director.

For over 20 years, plaintiff has developed and sold robotic pool cleaners for residential and commercial markets. On August 8, 2000 and June 1, 2004 plaintiff patented technology to improve the performance and speed of their products and has trademarked various phrases involving the company name to distinguish its goods in the marketplace.[2] Plaintiff alleges that over the years, competitors, including the defendants, have sought to copy Aqua Products' patented technology and unlawfully trade on the goodwill and consumer recognition of the company's trademarks.

Specifically, plaintiff seeks injunctive relief and damages for: patent infringement in violation of 35 U.S.C. §§ 271 and 281, cyberpiracy in violation of 15 U.S.C. § 1125 (d), trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin in violation of 15 U.S.C. § 1125(a), dilution of business reputation in violation of 15 U.S.C. § 1125(c), and the use of false, misleading descriptions, or representations of fact in violation of 15 U.S.C. § 1125(a). Plaintiff's state law claims against defendants include: defendant's use of deceptive trade practices and false advertising in violation of New York State General Business Law §§ 349 and 350, and common law claims of unfair competition.

---

[2] Plaintiff's allegations of patent infringement pertain to two patents: U.S. Patent Number 6,742, 613 (" '613 Patent) for water jet reversing propulsion controls of automated swimming pool cleaners and U.S. Patent Number 6,099,658 (" 658 Patent") for an apparatus and method of operation for high-speed swimming pool cleaners.

Plaintiff asserts that this Court may exercise personal jurisdiction over the defendants because they are doing business in this district pursuant to section 301 of the New York Civil Practice Laws and Rules ("CPLR") and transacting business in this district pursuant to section 302 of the CPLR. Defendants Smartpool Inc., Richard Holstein, and Joseph Dybrofsky argue that their contacts with the state of New York are insufficient to confer personal jurisdiction over them under the state's general and specific jurisdictional statutes. Specifically, defendant Smartpool alleges that the company does not have any employees, agents, or offices within the state of New York. Smartpool further maintains that it neither owns, uses or possesses any storage places, any place of business, a telephone number, or subsidiaries within the state of New York, nor is it listed in the New York telephone directory or licensed to do business in the state. Smartpool asserts that all sales contracts are concluded outside of New York and all financial, business, and product documents relating to Smartpool are located in New Jersey.

Defendant Smartpool does, however, concede that it: (1) maintains a website with an email address, advertising some of the products offered by Smartpool, which non-New Jersey residents may access but may not conclude sales; (2) uses an independent sales representative based in Pennsylvania who promotes and sells Smartpool's products throughout the entire Northeast region, including retailers and independent distributors in New York, as part of a non-exclusive agreement with Smartpool; and (3) maintains a bank account in New York. Smartpool also concedes that approximately two percent (2%) of their total annual gross revenue stems from the sale of company products to New York retailers and distributors. Despite these admissions, Smartpool argues that its contacts with the state of New York are insufficient to warrant the exercise of either general or specific jurisdiction because: (1) it does not engage in continuous

and systematic business activities here and; (2) it does not transact business here within the meaning of New York's long arm statute.

Defendants Richard Holstein and Joseph Dybrofsky also argue that their contacts with the state of New York do not permit the Court to exercise personal jurisdiction over them. Holstein and Dybrofsky neither work in New York, nor are they domiciled within the state. Holstein works full-time in New Jersey as the president of defendant Smartpool, Inc. Dybrofsky, a resident of Toronto, Canada, is the majority stockholder and a director of defendant Smartpool, Inc. He is neither employed by Smartpool at its New Jersey headquarters nor any other office. Holstein and Dybrofsky further deny plaintiff's allegations that they aided and abetted in the commission of infringing acts on behalf of Smartpool, Inc. or that they serve as alter egos of the corporate defendant.[3]

Defendants argue in the alternative, that even if the exercise of personal jurisdiction is appropriate, venue is improper and that this action should therefore be transferred to the District of New Jersey.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a complaint if the court lacks personal jurisdiction over the defendant. See Fed. R. Civ. P. 12(b)(2). The burden of establishing personal jurisdiction lies with the party that is attempting to assert such jurisdiction. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). In deciding a motion to dismiss, a court must construe all pleading and affidavits

---

[3] Both parties adopt the facts, legal arguments, and authorities set forth in Smartpool's Memorandum of Law in support of Smartpool's motion to dismiss, including, without limitation, Smartpool's contacts with New York.

4

in the light most favorable to the plaintiff. See Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 163 F.2d 55, 57 (2d Cir. 1985). Absent an evidentiary hearing, the plaintiff need only make a prima facie showing, by pleadings and supporting affidavits, that the court possesses the requisite jurisdiction over the defendant. See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999).

To determine whether personal jurisdiction exists over a nonresident defendant, the Court must look to the forum state's jurisdictional statutes. See Beacon Enterprise, Inc., v. Menzies, 715 F.2d 757, 762 (2d Cir. 1983). If the exercise of personal jurisdiction is appropriate under state law– in this case, New York's Civil Practice Law and Rules (CPLR) section 301 or 302-- then the court must decide whether the exercise of that jurisdiction is consistent with federal due process requirements. See Bank Brussels Lambert, 171 F.3d at 784. Under due process requirements, the court's exercise of personal jurisdiction over a defendant is proper only if that defendant has some minimum contacts with the forum state and the assertion of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." See Fort Knox Music, Corp. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000) (quoting Calder v. Jones, 465 U.S. 783, 788 (1984)). Where a lawsuit relates to patent infringement, it is governed by the law of the Federal Circuit. See Hildebrand v. Steck Mfg. Co., Inc., 279 F.3d 1351, 1354 (Fed. Cir. 2002). However, in determining whether a federal court has personal jurisdiction over a defendant, even when the cause of action is purely federal, federal courts apply the relevant state statute. See Graphic Controls Corp. v. Utah Medical Products, 149 F.3d 1382, 1385 n.2 (Fed. Cir. 1998).

A. General Jurisdiction

Under CPLR § 301, a foreign defendant is subject to general personal jurisdiction if it is "doing business" in New York. See Wiwa v. Royal Dutch Petreloeum Co., 226 F.3d 88, 95 (2d Cir. 2000). Judicial interpretation of section 301 further provides that "a non-domiciliary subjects herself to personal jurisdiction in New York with respect to any cause of action if she is engaged in such a continuous and systematic course of doing business here as to warrant a finding of her presence in this jurisdiction." See Beacon Enters., 715 F.2d at 762 (internal quotations omitted). To fall within the purview of section 301, foreign defendants must do more than conduct business activities within the state occasionally or casually, rather they must do so with a fair measure of permanence and continuity. See Wiwa, 226 F.3d at 95.

In determining whether a corporate defendant is doing business within the state, courts consider whether the company: (1) has an office in the state; (2) has any bank accounts or other property in the state; (3) has a phone listing in the state; (4) conducts public relations work there; and (5) has individuals permanently located in the state to promote its interests. See Hoffritz for Cutlery, 763 F.2d at 58; Wiwa, 226 F.3d at 98. It is well settled that the solicitation of business alone, without more, by an out-of-state defendant is insufficient to find a corporate presence within the state. See Landoil v. Alexander &Alexander Services, Inc., 918 F.2d 1039, 1043 (2d Cir. 1991) (quoting Laufer v. Ostrow, 55 N.Y.2d 305, 309-10 (1982)). However, if "solicitation is substantial and continuous, and defendant engages in other activities of substance in the state, then personal jurisdiction may properly be found." Id. This "solicitation-plus" rule means that "once solicitation is found in any substantial degree very little more is necessary to a conclusion of 'doing business.'" Id. (quoting Aquascutum of London, Inc. v. S.S. American Champion, 426 F.2d 205, 211 (2d Cir. 1970)). Since determining whether a defendant established continuous

and systematic contacts with the state of New York is a fact-sensitive inquiry, courts must balance all relevant factual circumstances to justify the exercise of general jurisdiction. Landoil, 918 F.2d at 1044.

Plaintiff Aqua Products, Inc. argues that defendant Smartpool Inc., is doing business under CPLR § 301 to support the exercise of general jurisdiction. Plaintiff contends that Smartpool Inc. is engaged in continuous and systematic business activities in New York because it sells goods within the state and solicits business in New York. Plaintiff further maintains that under the "solicitation-plus" rule, the exercise of general jurisdiction is appropriate because defendant's regular sale and distribution of goods within New York, in addition to their marketing activities, constitutes doing business under CPLR § 301.

A consideration of the traditional set of indicia which courts look to in determining whether a defendant is "doing business," demonstrates that defendant Smartpool Inc.'s contact with New York does not support the exercise of general jurisdiction. Smartpool Inc. neither owns property nor maintains an office in New York. In addition, Smartpool Inc. does not possess a New York telephone number and does not have employees located in the state. Plaintiff argues that Smartpool Inc. uses its website to promote and advertise its products to potential customers, including those in New York, and that this therefore constitutes solicitation of sales. Such action, without more, is insufficient to confer general jurisdiction over a defendant. See In re Ski Train Fir in Kaprun, Austria on November 11, 2000, 230 F. Supp.2d 376, 383 (S.D.N.Y. 2002)("the fact that a foreign corporation has a website accessible in New York is insufficient to confer jurisdiction under CPLR § 301."); Drucker Cornell v. Assicurazioni Generali S.p.A. Consolidated, 2000 WL 284222, * 2 (S.D.N.Y. Mar. 16, 2000) (holding that a

7

firm is not doing business in New York simply because New York citizens can contact the firm via the worldwide web); Hearst Corp. v. Goldberger, 1997 WL 97097, *8 (S.D.N.Y. Feb. 26, 1997)(holding that because defendant's only contacts with New York, namely the maintenance of an internet website, was insufficient to support the exercise of specific jurisdiction, those contacts could not satisfy the higher standard of "doing business").

Even where a defendant has demonstrated greater contacts with the forum state than defendant Smartpool Inc. has in the present action, courts have declined to exercise general jurisdiction. In Aquascutum of London, Inc. v. S.S. American Champion, the Second Circuit held that a foreign shipping company, that did not maintain an office in New York, but contracted for the delivery of a substantial volume of goods to New York, and whose employees visited New York "every few months" to solicit business was insufficient to satisfy the "doing business" standard under CPLR § 301. 481 F. Supp 499, 211-212 (2d Cir. 1970).

There is also no basis to support the exercise of jurisdiction under the "solicitation-plus" rule. Because the "solicitation-plus" rule requires that a defendant's marketing activities must be coupled with other "activities of substance" in the forum state to extend general jurisdiction, the exercise of such jurisdiction is improper. See Landoil v. Alexander & Alexander Services, 918 F.2d 1039, 1043 (2d Cir. 1991). Although Smartpool's website may be accessed by New York residents, sales cannot be concluded online and all business transactions are completed in New Jersey. In addition, Smartpool Inc., a Delaware company, only derives two percent of its annual gross revenue from sales to retailers and independent distributors in New York. Courts have held that sales in the forum state, which comprise only two percent of a company's total income, fails to satisfy the substantial solicitation test. See Stark Carpet Corp., v. M-Geough Robinson,

Inc., 481 F.Supp. 499, 505 (S.D.N.Y. 1980) (holding that solicitation by a Massachusetts corporation in New York did not rise to the level of "substantial solicitation" needed to trigger the "solicitation-plus" rule because defendant only derived 2% of its total income from the forum state and maintained no permanent office within the state). Thus, even though Smartpool Inc. sells products to New York customers via an independent sales representative based in Pennsylvania, the "activities of substance," such as the maintenance of business records and the conclusion of sales, etc.– occur outside of New York. Because plaintiff fails to demonstrate that defendant is engaged in a continuous and systematic course of doing business in New York, the Court may not exercise general jurisdiction over Smartpool Inc.

The court also lacks jurisdiction over defendants Richard Holstein and Joseph Dybrofsky. In this action, there is no evidence that Holstein or Dybrofsky independently conducts business or has any substantial contacts with New York. Neither Holstein nor Dybrofsky are domiciled in New York, nor do they work within the state. Moreover, plaintiff fails to allege any facts suggesting that either party solicits business or maintain bank accounts in New York in their individual or corporate capacities. Under these circumstances, the record does not support the exercise of general jurisdiction.

B. Specific Jurisdiction

A defendant who is not "doing business" within the context of CPLR § 301 may still be sued in New York based on their transaction of business within the state. CPLR § 302 of New York's long arm statute provides, in part, that a court may exercise personal jurisdiction over a non-domiciliary or his agent who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. CPLR § 302(a). However, to assert jurisdiction

under section 302(a), a plaintiff must also show that: (1) defendant purposefully availed himself of the privilege of doing business in the forum state such that the defendant could foresee being brought into court there; and (2) plaintiff's claim arises out of or is related to the defendant's contacts with the forum state. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); World-Wide Volkswagen Corp. V. Woodson, 444 U.S. 286, 297 (1980); see also Chew v. Dietrich, 143 F.3d 24, 28 (2d Cir.1998).

The second prong of this test requires "a substantial nexus between the cause of action and the defendant's contacts with New York." See Graphic Controls Corp., v. Utah Medical Products, Inc., 149 F.3d 1382, 1386 (Fed. Cir. 1998). A single business transaction may be sufficient to satisfy the nexus test, but "the cause of action must arise from the transaction of business in New York." See Pieczenik v. Dyax Corporation, 265 F.3d 1329, 1333 (Fed. Cir. 2001) (quoting McShan v. Omega Louis Brandt et Frere S.A., 536 F.2d 516, 518 (2d Cir. 1976)). Moreover, a court must look to the totality of circumstances to determine whether purposeful activity exists, rather than subjecting the defendant to jurisdiction based on random or attenuated contacts. See Cutco Indus v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).

Plaintiff Aqua Products Inc. argues that personal jurisdiction over defendant Smartpool Inc. exists because Smartpool Inc. allegedly sold and advertised its infringing products in New York. Plaintiff maintains that these facts support the exercise of personal jurisdiction under the "transacting business" prong of CPLR § 302(a)(1).

This Court may not assert specific jurisdiction over Smartpool simply because it uses a website for the purpose of advertising or because it sells some products in New York. Acquiring specific jurisdiction over a defendant based on a party's use of the internet depends on the nature

and quality of commercial activity conducted online. See Citigroup Inc., v. City Holding Co., 97 F.Supp.2d 549, 565 (S.D.N.Y. 2000). Passive websites which primarily make information available to viewers, but do not permit an exchange of information, fail to justify the exercise specific jurisdiction over a non-domiciliary. See id. (" [A passive website] has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant."). In the present action, it is clear that Smartpool's website is passive. The website is accessible to anyone and does not provide price information, order forms, or links enabling users to purchase products. In short, New York residents, and residents of any state, may access defendant's website but may not purchase their products online. Thus, Smartpool's use of an internet website does not constitute transacting business within the meaning of New York's long arm statute.

Plaintiff also maintains that for the purpose of long arm jurisdiction, the sale of defendant's infringing products to a buyer in New York, confers specific jurisdiction over the defendant in New York. However, the sale of the alleged infringing products occurs in New Jersey and not in New York. In patent cases, the Federal Circuit has held that patent infringement occurs where the allegedly infringing sales are made. See North American Philips Corporation v. American Vending Sales, Inc., 35 F.3d 1576, 1578-79 (Fed. Cir. 1994). Here, although defendant Smartpool Inc. derives two percent of its revenue from New York customers, all sales transactions are completed from its office in New Jersey. Thus, because the sale of Smartpool's products takes place in New Jersey and not New York, defendant does not transact business within the meaning of the New York's long arm statute.

Plaintiff also fails to show that defendant satisfies the nexus test. Under the nexus test, plaintiff does not demonstrate that its claims arise out of Smartpool's contacts with New York. Although Smartpool maintains a bank account in New York; advertises through a website, and uses independent sales representatives who solicit orders in New York on behalf of Smartpool Inc., none of these activities give rise to plaintiff's cause of action. Rather, it is the manufacture and sale of allegedly infringing goods in New Jersey, which give rise to plaintiff's patent and trademark infringement claims.

Plaintiff has not demonstrated that defendants purposefully availed themselves of the protections of New York law. Nor has plaintiff articulated a substantial relationship between defendants' contacts in New York and plaintiff's cause of action. Therefore, the exercise of jurisdiction over defendants is improper.[4]

## CONCLUSION

Defendants Smartpool, Inc., Richard Holstein, and Joseph Dybrofsky's motion to dismiss for lack of personal jurisdiction is granted.

Dated: New York, New York
August 17, 2005

SO ORDERED:

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

---

[4] Since there is no jurisdiction over corporate defendant Smartpool Inc., there is no basis for jurisdiction over defendant Richard Holstein and Joseph Dybrofsky in their capacity as the president and director of Smartpool Inc.